The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux:
You have presented the following question for my opinion:
 In Op. Att'y Gen. No. 2003-019, it was opined that the cost of mileage could be obtained from a defendant convicted in court when, presumably, an officer had to transport a defendant from one jurisdiction to another jurisdiction in order for the defendant to be tried and convicted. How would the rate be set for the court to follow in order to compute the mileage due the city?
RESPONSE
This issue is not addressed by state law. A mileage charge is clearly authorized for transportation of defendants to county jail. See A.C.A. §12-41-505(a). That statute states:
 (a) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he shall be convicted, shall pay the expenses in carrying him to jail and also for his support from the day of his initial incarceration for the whole time he remains there.
A.C.A. § 12-41-505(a).
However, the statute does not set forth a standard for calculating that expense. It is therefore my opinion that in cases involving this authorized charge, the calculation of the charge is a matter that must be addressed on a case-by-case basis taking into consideration the particular facts and the actual costs incurred by the city.
I note that because this mileage charge is specifically authorized in situations involving the transportation of a defendant to county jail, it is not among the types of court costs that were repealed or superseded byAct 1256 of 1995 (codified in pertinent part at A.C.A. § 16-10-301 etseq.), which created a system of uniform court costs. Accord, Op. Att'y Gen. No. 2002-303. That Act prohibits courts from assessing or collecting any costs other than those authorized by the Act "unless specifically provided by state law." A.C.A. § 16-10-305(d). I also note that A.C.A. §12-41-505 was amended in 1999 by Act 1128, and that Act did not alter the authorization of mileage charges. This fact further supports my view that such charges were not superseded by Act 1256 of 1995.
However, because a mileage charge of this nature is not clearly authorized for the transportation of defendants to destinations other than the county jail, the charge in those situations may be deemed to be prohibited by Act 1256 (specifically, A.C.A. § 16-10-305(d)). To the extent that Attorney General Opinion No. 2003-019 suggests otherwise, that opinion is hereby superseded.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General